**Ill UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| CHAMBERS OF | | MARTIN LUTHER KING |
|---|---|---|
| **ESTHER SALAS** | | COURTHOUSE |
| UNITED STATES DISTRICT JUDGE | | 50 WALNUT ST. |
| | | ROOM 5076 |
| | | NEWARK, NJ 07101 |
| | | 973-297-4887 |

July 25, 2024
**<u>LETTER ORDER</u>**

Re: *Carlton Bowers and Kelsey Bowers v. Kevin Taylor and 413 North Arlington LLC*,
<u>Civil Action No. 23-4222 (ES) (CLW)</u>

Dear Parties:

On August 8, 2023, Plaintiffs Carlton Bowers and Kelsey Bowers (together, "Plaintiffs") filed suit against Kevin Taylor and 413 North Arlington LLC (together, "Defendants"). (D.E. No. 1 ("Complaint" or "Compl.")). By way of background, the parties in this case are family members. Plaintiffs Carlton and Kelsey Bowers are married, and Defendant Kevin Taylor is Kelsey's father. (Compl. ¶¶ 3–4). Plaintiffs allege that Defendant Taylor fraudulently induced them to enter into and amend a loan agreement, and thereafter failed to meet his financial obligations under that agreement. (*See generally id.*).

According to the Complaint, on June 29, 2021, Plaintiff Kelsey Bowers met Defendant Kevin Taylor "at a restaurant for dinner at [Taylor's] request and, while crying and emotionally distraught, [Taylor] told Kelsey he was in severe financial distress and needed her to guarantee a prospective loan against [his residence]." (*Id.* ¶ 6). Taylor "represented to Kelsey that a business venture of [his] had failed; his venture partners had denied him money he was owed; he had sued his venture partners to recover that money; he was certain to prevail in the lawsuit; the lawsuit would be resolved by the end of 2021; and he desperately needed the home equity loan to survive during the next six months." (*Id.*). The next day, Plaintiffs and Taylor spoke by phone and during that conversation, Taylor "claimed that he desperately needed $300,000 to survive during the next six months and would fully repay the loan in six months as soon as the lawsuit was resolved." (*Id.* ¶ 8). "In reliance on those representations, [Plaintiffs] verbally agreed to loan [Defendant Taylor] the requested $300,000.00 . . . and offered to give him a full year to repay that loan, and [Taylor] verbally agreed to repay that loan [by July 1, 2022]." (*Id.*). The following day, Plaintiffs wired $300,000 to Taylor. (*Id.* ¶ 9). Though Taylor "failed to repay any portion of the $300,000.00 loan" by the July 1, 2022 deadline, he represented to Plaintiffs "that his lawsuit against his venture partners was taking longer than he anticipated but assured them he would be able to repay the . . . loan in full by the end of 2022." (*Id.* ¶ 10). In September 2022, Plaintiffs and Taylor agreed "to reduce the $300,000.00 loan to writing." (*Id.* ¶ 11). Pursuant to the written agreement, Taylor agreed to repay the loan by December 31, 2022. (*Id.*). However, Taylor "failed to repay any portion of the . . . loan by the December 31, 2022 deadline and failed to communicate with Plaintiffs about his default." (*Id.* ¶ 13).

In February 2023, Taylor advised Plaintiff Carlton Bowers that the lawsuit against his venture partners had "concluded unsuccessfully," acknowledged his ongoing default, and

1

represented that he had made arrangements to be able to repay Plaintiffs within three weeks. (*Id.* ¶ 14). However, he did not repay any part of the loan during that timeframe. (*Id.* ¶¶ 15–16). Thereafter, in March 2023, Taylor advised Plaintiffs that, while his previous arrangements had fallen through, "he had been approved for a home equity loan in the amount of $300,000.00. Of that amount, [Taylor] promised to repay only between $100,000.00 and $150,000.00 in partial repayment of the Written Loan Agreement," claiming that he needed the remainder to renovate his property. (*Id.* ¶ 16). Taylor ultimately secured the aforementioned loan and paid Plaintiffs $100,000.00 on May 3, 2023, representing that he would obtain another loan in "two to three months" to repay the balance owed. (*Id.* ¶¶ 18–19, 21). Since that time, Taylor has not made any other payments. (*Id.* ¶¶ 21–22).

Plaintiffs subsequently learned that, contrary to his representations about needing the $300,000 loan to "survive," Defendant Taylor used a portion of those funds for various extravagances and for loans to other family members. (*Id.* ¶¶ 25–26). Plaintiffs allege that Taylor's "representations about his severe financial distress, his desperate need for money, his lawsuit against his venture partners, and his ability to repay the $300,000.00 loan in short order— were false at the time he made them and were intended to induce Plaintiffs to loan him those funds." (*Id.* ¶ 26). Further, Plaintiffs allege that Taylor is the sole member of Defendant 413 North Arlington, LLC, and that Taylor formed that entity for the sole purpose of owning a piece of property located at 413 North Arlington Avenue, East Orange, New Jersey. (*Id.* ¶¶ 4–5). Plaintiffs allege that Taylor "misused the original loan proceeds from Plaintiffs . . . to improve the [property] and to benefit and enrich the LLC." (*Id.* ¶ 55).

Based on the aforementioned allegations, Plaintiffs filed a Complaint against Taylor and 413 North Arlington LLC asserting causes of action for fraudulent inducement, breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and quantum meruit. (*Id.* ¶¶ 29–52). Plaintiffs also seek to hold Defendant 413 North Arlington, LLC liable under an alter ego theory, and seek interest and attorneys' fees. (*Id.* ¶¶ 53–60). Plaintiffs effectuated service of the Summons and Complaint on Defendants on August 19, 2023. (D.E. No. 3). When Defendants failed to timely respond, Plaintiffs on September 12, 2023 requested that the Clerk of the Court enter default against them. (D.E. No. 4). The Clerk entered default against Defendants on September 15, 2023. On September 22, 2023, Plaintiffs filed a motion for default judgment seeking a final judgment by default, inclusive of the outstanding balance of the loan, as well as interest and an award of attorneys' fees and expenses. (D.E. No. 6). On April 17, 2024, the Undersigned referred Plaintiffs' motion for default judgment to the Honorable Cathy L. Waldor, U.S.M.J. for report and recommendation. (D.E. No. 8). At Judge Waldor's direction, Plaintiffs supplemented the record with additional information in support of their motion on May 14, 2024, and May 22, 2024. (D.E. Nos. 10 & 12). Defendants did not respond to any of Plaintiffs' submissions.

On June 28, 2024, Judge Waldor issued a Report and Recommendation recommending that the Court (i) grant Plaintiffs' motion for default judgment and (ii) enter judgment in favor of Plaintiffs and against Defendants in the total amount of $216,452.21. (D.E. No. 13 ("R&R")). Judge Waldor provided the parties fourteen days to file and serve objections to the R&R pursuant to Local Civil Rule 72.1(c)(2). (*Id.*). The parties did not file any objections.

Having reviewed Judge Waldor's R&R in full, and for the reasons stated therein,

**IT IS** on this 25th day of July 2024,

**ORDERED** that the Court **ADOPTS** Judge Waldor's R&R (D.E. No. 13) in full; and it is further

**ORDERED** that Plaintiffs' motion for default judgment (D.E. No. 6) is **GRANTED**; and it is further

**ORDERED** that judgment in favor of Plaintiffs and against Defendants is hereby entered in the total amount of $216,452.21; and it is further

**ORDERED** that the Clerk of Court **CLOSE** this matter.

<u>s/ Esther Salas</u>
**Esther Salas, U.S.D.J.**